UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| JEANA REYES, et al., | : | Civil Action No. 13-5904 (AET) |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | MEMORANDUM OPINION |
| | : | AND ORDER |
| J. C. PENNY COMPANY, INC., et al., | : | |
| | : | |
| Defendants. | : | |
| _____ | : | |

This matter comes before the Court on Plaintiffs' motion to extend the discovery deadline for a period of 90 days and to adjourn the Final Pretrial Conference.[1] In support of their Motion, Plaintiffs have filed the Certification of Thomas F. Shebell, Esquire. See dkt. no. 14. Neither a Brief nor a Statement as to why no Brief is required was filed. See Local Civil Rule 7.1(d)(4).

In his Certification, Mr. Shebell simply states:

> "Plaintiff has advised my office that she has returned to active treatment with a new facility, Seaview Orthopaedics, and this will require counsel to obtain her new records and provide same to defense counsel."

Further, Mr. Shebell states:

---

[1] As a practical matter, the Final Pretrial Conference which had been scheduled to proceed on December 19, 2014 was administratively adjourned by the Court pending resolution of Plaintiffs' motion. Consequently, this aspect of Plaintiffs' motion is moot.

1

> "Additionally, plaintiffs seek to retain an economic expert to address Ms. Reyes' wage loss claim. In light of this information, it will be necessary for counsel to obtain additional narrative reports related to her on going condition and to clarify the economic damages component."

Certification of Counsel at paras. 3-4. For these reasons, Plaintiffs seek to extend the existing discovery deadlines by 90 days.

Defendant J.C. Penny Corporation, Inc. has opposed Plaintiffs' Motion. See dkt. no. 15. In short, Defendant maintains:

> "Plaintiffs have not established any excusable neglect for their failure to retain an economic expert prior to the deadline set forth in the Court's scheduling order, i.e., September 30, 2014, and for requesting an extension of the fact discovery period prior to its expiration on August 14, 2014."

Defendant's Brief in Opposition at page 1.

Specifically with respect to Plaintiffs' desire to engage an economic expert at this stage of the proceedings, Defendant maintains that Plaintiffs were aware of the extent of Ms. Reyes' wage loss claim when she answered Defendant's interrogatories in June 2014 and when she testified at her deposition on August 1, 2014. Likewise, Defendant maintains, Ms. Reyes testified in August about her intention to seek additional medical treatment. Ultimately, Defendant argues that Plaintiffs' Motion should not be granted because (1) it will suffer prejudice, (2) the resolution of this case will delayed, (3) the reason(s) for delay were within Plaintiffs' control, and (4) Plaintiffs have not established "excusable neglect" to justify the relief sought. The Court agrees and for the reasons that follow Plaintiffs' Motion is DENIED.

DISCUSSION:

Plaintiffs commenced this action in the Superior Court of New Jersey based on injuries Ms. Reyes alleged suffered as a result of a trip and fall accident that occurred at a J.C. Penny store on July 21, 2013.  On October 4, 2013, Defendant removed Plaintiffs' action to this Court.

On December 19, 2013, following an initial scheduling conference, the Court entered a Scheduling Order that required, among other things, completion of fact discovery by June 17, 2014 and service of Plaintiffs' experts' reports (liability and damages) by July 17, 2014. See dkt. no. 8.

During a telephone status conference on August 4, 2014, counsel reported that with the exception of the deposition of Defendant's representative, fact discovery was complete. On August 22, 2014, the Court entered a corrected Scheduling Order that extended the deadline for service of Plaintiffs' experts' reports to September 30, 2014, scheduled a Settlement Conference on November 12, 2014, and a Final Pretrial Conference on December 19, 2014.  See dkt no. 13.[2]

A Settlement Conference was conducted on November 12, 2014.  Plaintiffs' Motion followed on December 3, 2014.

Fed. R. Civ. P. 6 (b)(1) provides, in part:

> (1) In general, when an act may or must be done within a specified time, the Court may, for good cause, extend the time:

---

[2]Two (2) prior Scheduling Orders, dkt. nos. 11 and 12, were superceded by the Order filed on August 22, 2014 as a result of typographical errors.

>                  \* \* \*
> (B) on motion made after the time has expired
> if the party failed to act because of excusable
> neglect.

Plaintiffs' application is devoid of any factual basis to support the requested relief. Specifically, with respect to Plaintiffs' desire to retain an economic expert, Plaintiffs offer no explanation for their delay in reaching this decision. Plaintiffs' Complaint sets forth claims for compensatory damages related to injuries that prevent her from "engaging in her usual business pursuits, interests and occupations." See dkt. no. 1 (Exhibit A). Further, Mr. Reyes' answers to interrogatories and deposition testimony made clear that she is seeking to recover her economic losses from Defendant. Likewise, Plaintiffs' application lacks any factual detail concerning her return to active medical treatment; such as, when she resumed treatment, the nature and extent of such treatment, or the expected duration of such treatment.

Plaintiffs' application also lacks any legal argument in support of their motion. In his Certification, Mr. Shebell simply argues (improperly pursuant to Local Civil Rule 7.2(a)):

> "The requested extension is critical to Plaintiffs'
> case so that the jury may make a proper
> evaluation of the totality of Plaintiffs' evidence
> of her harms and losses. Not granting such an
> extension would be unduly burdensome and
> prejudicial to Plaintiffs, and would result in a
> gross miscarriage of justice."

Certification of Counsel at para. 5.

In sum, Plaintiffs have failed to establish the existence of "excusable neglect" for their failure to comply with the deadlines set for completion of discovery in this case. Moreover, the Court agrees that granting the requested extension would unduly prejudice Defendant and

unreasonably delay the resolution of this matter.

For these reasons, it is on this 29th day of December 2014 ,

ORDERED that Plaintiffs' Motion to extend the discovery deadlines by 90 days is DENIED; and it is

FURTHER ORDERED that the Court will conduct a Final Pretrial Conference on February 18, 2015 at 11:30 A.M.  The parties' proposed Final Pretral Order must be submitted to the Court at least 48 hours in advance of the Conference.

<em>s/ Douglas E. Arpert</em><br>
DOUGLAS E. ARPERT<br>
United States Magistrate Judge